FILED
DEC 18 2024
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) 4:24CR663 MTS/PLC
)
)
STEVEN W. HENDREN, )
)
Defendant. )

## INDICTMENT

The Grand Jury charges that, at all times material to this Indictment, unless otherwise specified below:

## INTRODUCTION

1. During his scheme to defraud, Defendant Steven W. Hendren defrauded the State of Missouri out of more than $250,000 by submitting false and fraudulent applications for rental assistance.

2. Defendant Hendren executed his scheme to defraud through his role as the owner of a property management company called Van Cartier Property Management, LLC, which was located in the Eastern District of Missouri.

### The Missouri State Assistance for Housing Relief Program

3. The Consolidated Appropriations Act of 2021 authorized federal "Emergency Rental Assistance" dollars from the United States Department of Treasury to be provided to states to administer for the benefit of households impacted by the COVID-19 pandemic. The Missouri Housing Development Commission ("MHDC") administered and distributed the federal Emergency Rental Assistance dollars for the State of Missouri under the Missouri State Assistance

for Housing Relief Program ("SAFHR"). The SAFHR program provided rental assistance for households impacted by COVID-19. Under the SAFHR program, landlords could apply to the MHDC on behalf of eligible tenants for rental assistance to be paid directly to the landlord. Rental assistance under the SAFHR program included up to twelve months of rent arrears and up to three months of prepaid rent.

4. To obtain rental assistance under the SAFHR program, a qualifying landlord or tenant was required to submit an electronic application to the MHDC. For SAFHR program applications, an applicant had to submit contact information for the landlord and the tenant, including a copy of the landlord's W-9 and a copy of the tenant's photo identification. Under the SAFHR program, the applicant was also required to submit a copy of the lease agreement along with the landlord's banking information. In exchange for the MHDC's rental assistance under the SAFHR program, landlords were also required to agree not to evict the tenant for a certain amount of time. To complete an application for rental assistance under the SAFHR program, applicants were also required to certify that their statements to the MHDC were true and correct to the best of their knowledge. The applications for rental assistance under the SAFHR program were submitted electronically. Once an applicant applied for rental assistance under the SAFHR program, the electronic application traveled by means of wire transmission through a server located in Nevada before arriving at the MHDC for processing.

**COUNTS ONE – THREE**
**(Wire Fraud: 18 U.S.C. § 1343)**

5. Each of the above allegations is hereby incorporated by reference as if fully set forth herein.

6. Beginning by at least in or about March 2021, and continuing through at least in or about June 2024, in the Eastern District of Missouri, and elsewhere, Defendant Hendren, with the

intent to defraud, devised and intended to devise a scheme and artifice to defraud the MHDC and to obtain money and property from the MHDC by means of material false and fraudulent pretenses, representations, and promises, as described further herein. Defendant Hendren undertook the actions detailed below as part of his scheme and artifice to defraud.

7. In furtherance of his scheme, Defendant Hendren submitted numerous fraudulent applications to the MHDC in an attempt to obtain SAFHR rental assistance dollars. In many of his fraudulent SAFHR applications, Defendant Hendren falsely and fraudulently represented that he served as the landlord for the tenant listed in the application. For those fraudulent SAFHR applications, Defendant Hendren also created fictitious lease agreements and financial statements to fraudulently convince the MHDC that he served as the tenant's landlord when he did not.

8. In addition, Defendant Hendren also submitted numerous fraudulent SAFHR applications to the MHDC in which Defendant Hendren fraudulently inflated the amount of rent that the listed tenants paid monthly. For those fraudulent SAFHR applications, Defendant Hendren altered the lease agreements and financial statements to reflect the falsely inflated rent amounts listed in the SAFHR applications.

9. Had the MHDC known about the false statements that Defendant Hendren made in his fraudulent SAFHR applications, the MHDC would not have provided any SAFHR funds to Defendant Hendren.

10. As a result of the material misrepresentations that Defendant Hendren made in his fraudulent SAFHR applications, the MHDC wired a total of $284,840.44 to Defendant Hendren's Central Bank account (account number ending in 9211). Defendant Hendren used many of the fraudulently obtained MHDC dollars to fund his own personal expenses, including his purchase of a 2020 GMC Yukon (VIN: 1GKS2HKJ9LR300440).

11. On or about the dates set forth below, in the Eastern District of Missouri, and

elsewhere, for the purpose of executing the above-described scheme and artifice to defraud and obtain money and property by means of false and fraudulent pretenses, representations and promises and for the purpose of executing the same, Defendant Hendren did knowingly transmit and cause to be transmitted by means of wire communication in and affecting interstate commerce, certain writings, signs, signals, pictures, or sounds, to wit:

| Count | Date | Wire Description |
|---|---|---|
| 1 | 9/25/2021 | An electronic SAFHR application (#81316) for rental assistance submitted to the MHDC through an out-of-state server from the Eastern District of Missouri. |
| 2 | 10/25/2021 | An electronic SAFHR application (#98976) for rental assistance submitted to the MHDC through an out-of-state server from the Eastern District of Missouri. |
| 3 | 12/2/2021 | An electronic SAFHR application (#128183) for rental assistance submitted to the MHDC through an out-of-state server from the Eastern District of Missouri. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT FOUR**
**(Aggravated Identity Theft: 18 U.S.C. § 1028A)**

12. Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

13. On or about October 25, 2021, in the Eastern District of Missouri, the defendant,

**STEVEN W. HENDREN,**

did knowingly use, without lawful authority, a means of identification of another person, to wit, the name of R.B., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, wire fraud, in violation of 18 U.S.C. § 1343, knowing that the means of identification belonged to another actual person, to wit, the defendant submitted an electronic SAFHR application (#98976) for rental assistance without the knowledge or consent of tenant R.B.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

**FORFEITURE ALLEGATION**

The Grand Jury further alleges there is probable cause that:

1. Pursuant to Title 18, United States Code, Sections 982(a)(2), upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in Counts One through Three, the defendant shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation.

2. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

3. Specific property subject to forfeiture includes, but is not limited to, the following:

a. A 2020 GMC Yukon (VIN: 1GKS2HKJ9LR300440).

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

______________________
FOREPERSON

SAYLER A. FLEMING
United States Attorney

______________________
DEREK J. WISEMAN, #67257MO
Assistant United States Attorney